IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHANE W. CARPENTER,

            Plaintiff,
                                    CIVIL ACTION
        vs.                         No. 08-3126-SAC

GREENWOOD COUNTY SHERIFF'S OFFICE,
et al.,


            Defendants.



MEMORANDUM AND ORDER


    This matter is a civil rights complaint filed pursuant to
42 U.S.C. § 1983.  Plaintiff proceeds pro se, and the court
grants leave to proceed in forma pauperis.

    Plaintiff claims he was subjected to cruel and unusual
punishment and a failure to provide adequate protection.  He
claims that while incarcerated in the Greenwood County Jail,
Eureka, Kansas, he was attacked by another inmate and sustained
a broken jaw.  He claims defendant Derrick Payne, a jail
officer, failed to respond for twenty minutes after the incident
occurred, that defendant Payne failed to follow jail rules and
regulations, and that he was refused medical treatment.  He
seeks surgery and monetary damages.

The court has conducted an initial screening of this matter as required by 28 U.S.C. § 1915A, and enters the following order.

A civil rights action under 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another person of rights established by the Constitution, federal law, or treaties. *Conn v. Gabbert,* 526 U.S. 286, 290 (1999).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(quoting *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Simply put, a supervisor is liable under § 1983 only for the constitutional violations that the supervisor caused. *Dodds v. Richardson,* 614 F.3d 1185, 1213 (10th Cir. 2010).

Plaintiff's complaint identifies as defendants the Greenwood County Sheriff's Office, Sheriff Kenneson, Payne, and Nathan Fife. The Sheriff's Office is not a "person" capable of

being sued under § 1983, and is subject to dismissal. *Wright v.*
*Wyandotte County Sheriff's Department*, 963 F.Supp. 1029, 1034
(D.Kan. 1997). Next, no personal participation by Sheriff
Kenneson is alleged by the complaint, and this defendant also is
subject to dismissal from this action unless plaintiff
identifies some participation or policy by this defendant that
violated plaintiff's protected rights. Finally, Nathan Fife,
the inmate who allegedly struck plaintiff, did not act under
color of law, and is not a proper defendant to this action
because the complaint appears to allege only private conduct by
him, rather than any conduct reasonably attributable to the
government.

For these reasons, the court is considering the dismissal
from this action of defendants Greenwood County Sheriff's
Office, Sheriff Kenneson, and Nathan Fike. Plaintiff will be
given the opportunity to object to their dismissal.

Finally, in Count 3 of the complaint, plaintiff alleges he
was refused medical treatment. However, elsewhere in the form
complaint, plaintiff states that on the morning of the incident,
he was taken to the local hospital and treated by a physician
there. Plaintiff must clarify his claim that he was refused
treatment and must provide specific information supporting this
claim.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including July 25, 2011, to show cause why defendants Greenwood County Sheriff's Office, Sheriff Kenneson, and Fike should not be dismissed from this office and to amend the complaint as directed.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 22nd day of June, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge